FILED
2020 Nov-03  PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| LORI CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-01119-SGC |
| | ) | |
| SOCIAL SECURIY | ) | |
| ADMINISTRATION, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Lori Chapman appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1.)  Plaintiff timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review.  For the reasons stated below, the Commissioner's decision is due to be affirmed.

## I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Plaintiff was thirty-eight years old at the time of her alleged disability onset and forty-one at the time of the unfavorable decision issued by the Administrative Law Judge ("ALJ").  (R. 38, 103, 106).  Plaintiff speaks English, has a high school

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 10).

education, and completed one year of college.  (R. 196, 198).  Plaintiff worked as an assistant store manager at Burger King for nine years (1995-2004), a store manager at U.S. Title Loans for two years (2001-2003), and a customer service representative at T-Mobile for six years (2004-2010).  (R. 208).  Plaintiff filed the instant application on February 3, 2017, alleging a disability onset of October 1, 2015, due to migraine headaches, depression, anxiety, and hypertension.  (R. 35).  Plaintiff testified she could no longer work due to having migraines five to six days a week. (R. 58-59).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination whether the plaintiff is performing substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(a)(4)(i).  If the plaintiff is engaged in SGA, he or she is not disabled, and the evaluation stops.  *Id.*  If the plaintiff is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the plaintiff's physical and mental impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet durational requirements before a plaintiff will be found disabled.  *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971).  If the plaintiff's impairments are not severe, the analysis stops.  20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, at which the Commissioner determines whether the plaintiff's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairments fall within this category, the plaintiff will be found disabled without further consideration.  *Id.*  If the impairments do not fall within the listings, the Commissioner determines the plaintiff's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the plaintiff from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the plaintiff is capable of performing past relevant work, he or she is not disabled, and the evaluation stops.  *Id.*  If the plaintiff cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the plaintiff's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work.  *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the plaintiff can do other work, he or she is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found Plaintiff last met the insured status requirement of the Social Security Act on December 31, 2015.  (R. 35).  The ALJ then determined Plaintiff had not engaged in SGA from her alleged

onset date of October 1, 2015, through December 31, 2015—her date last insured ("DLI").  (*Id.*).  Plaintiff claimed the following medically determinable impairments: (1) migraine headaches; (2) depression; (3) anxiety; and (4) hypertension.  (*Id.*). However, at step two, the ALJ determined there was no medical evidence of record to support either a severe impairment or a combination equaling a severe impairment prior to Plaintiff's DLI.  (R. 37).  The ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders.  (R. 38).  These criteria consist of: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  20 C.F.R. § 404.1520a(c)(3).  The ALJ determined Plaintiff did not present evidence reflecting any of these limitations before the DLI.  (R. 28).  The ALJ also found Plaintiff's medically determinable mental impairments caused no more than "mild" limitations in any of the functional areas or in Plaintiff's ability to perform basic work-related activities for twelve consecutive months; therefore, he concluded they were not severe.  20 C.F.R. § 404.1520a(d)(1).  (R. 38).

Because the ALJ found Plaintiff's impairments were not severe, he did not reach steps three, four, or five.  Rather, the ALJ concluded Plaintiff was not under a disability at any time from the alleged onset date through the DLI and, thus, was not

disabled.  (R. 38).  The Appeals Council denied Plaintiff's request for review.  (R. 1).  Plaintiff timely filed the instant appeal.  (Doc. 1).

## II.    STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar.*

*Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   DISCUSSION

On appeal, Plaintiff contends the ALJ erred by: (1) determining Plaintiff did not suffer from severe impairments prior to her DLI at step two; and (2) rejecting her subjective complaints of pain.  (Doc. 12).  Each argument is addressed in turn.

### A.   Severity of Plaintiff's Impairments

First, Plaintiff contends the ALJ erred by finding at step two that she did not suffer from a severe impairment prior to her DLI.  At step two, a plaintiff must show the impairment or combination of impairments is "severe," within the meaning of the regulations, meaning that it "significantly limits [her] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  Basic work

activities are abilities and aptitudes necessary to do most jobs and include: (1) actions such as walking, standing, sitting, lifting, pushing, pulling, reaching, and carrying; (2) capacities for seeing, hearing, and speaking; (3) the ability to understand, carry out, and remember simple instructions; (4) use of judgment; (5) appropriately responding to supervision, co-workers, and usual work situations; and (6) coping with changes in a routine work setting. 20 C.F.R. § 404.1522(b). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities having no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.5121, 416.921; Social Security Ruling ("SSR") 88-28; SSR 96-3p; SSR 96-4p. Though Plaintiff's "burden in step two is mild," it is her burden nonetheless. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). "Consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d, 1272, 1276 (11th Cir. 2003). Plaintiff must produce evidence that an impairment has been severe for at least twelve consecutive months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 404.1509.

Plaintiff testified she did not stop working because of her migraines. (R. 82). For a disability to be considered "severe" it must significantly limit an individual's ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Plaintiff also testified that she did not start seeing a primary care doctor for her migraines

until May 2016.  (R. 83).  The earliest evidence of any treatment for migraines was an emergency room visit on January 31, 2016—after her DLI—for a headache on the left side of her head that began four days earlier.  (R. 544).  During a subsequent hospitalization for a migraine on June 10, 2016, Plaintiff told doctors she had been suffering from migraines for eight months.  (R. 264).  Eight months prior to Plaintiff's hospital visit would have fallen around October 2015, approximately two months before her DLI and near the alleged onset date.

Rather than produce evidence that she had a severe disability during the relevant time period, Plaintiff contends the ALJ's decision was not supported by substantial evidence, relying heavily on SSR 83-20.  Plaintiff argues the date of onset must be inferred, but she does not state specifically *why* it should be inferred.  Rather, Plaintiff argues the ALJ should have called a medical expert to infer her date of disability onset in order to fully and fairly develop the record in this case.  Plaintiff's argument fails.  SSR 83-20 states: "At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred." However, SSR 83-20 had been rescinded and replaced by SSR 18-01p at the time of the ALJ's November 30, 2018 decision.  *See* SSR 18-01p, 2018 WL 4945639, at *1.[2]  SSR 18-01p states an ALJ "may, but is not required to, call upon the services

---

[2] This ruling was applicable to any claims pending with the Commissioner on October 2, 2018. 2018 WL 4945639 at *7 (SSR 18-01p applies to claims "pending on and after" October 2, 2018); *See Morgan v. Colvin*, No. 13-0734-SLB, 2015 WL 3752345 at *5 (N.D. Ala. June 16, 2015).

of a medical expert, to assist with inferring the date that the claimant first met the statutory definition of disability." *Id*. at *1.

Substantial evidence supports the ALJ's decision that Plaintiff's migraines, depression, and anxiety were not severe before December 31, 2015.  The ALJ heard Plaintiff's testimony and considered the evaluations of Dr. Frederic Ransom and Dr. Robert Estock—both State agency physicians who evaluated medical records provided by Plaintiff.  (R. 37).  Dr. Ransom evaluated the medical evidence on March 6, 2017, and found Plaintiff did have migraines satisfying a listing; however, Dr. Ransom concluded the migraines did not reach listing-level severity until June 2016, around the time Plaintiff started receiving Botox shots.  (R. 102).  Dr. Ransom found there was insufficient evidence in the file to determine the severity of Plaintiff's conditions on or before her DLI.  (R. 107).[3]  Dr. Estock evaluated the medical evidence on March 8, 2017.  (R. 103).  Dr. Estock noted Plaintiff did receive treatment for depression and anxiety during the relevant time frame; however, Plaintiff did not provide a completed mental status examination nor any functional data.  (R. 103).

Even if a medical expert had opined Plaintiff's migraines were severe during the relevant time period, the record was devoid of corroborating evidence.  *See*

---

[3] Plaintiff does not allege that any treatment records for headaches exist before her DLI.  The Commissioner attempted to obtain medical evidence from Plaintiff's medical providers by sending a release seeking evidence from the relevant period. (R. 416, 453, 600, 610).

*Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 832 (11th Cir. 2011).  Indeed, Plaintiff testified she did not stop working because of her migraines, and the earliest evidence of any medical treatment was after her DLI.  The record was sufficient and the ALJ made the correct determination that Plaintiff did not meet her burden of proving she had a severe impairment during the relevant time.

### B. <u>Plaintiff's Credibility and the Pain Standard</u>

Plaintiff contends the ALJ erred in rejecting her subjective testimony regarding her pain and the resulting limitations.  The Eleventh Circuit has established a three-part pain standard to assess a claimant's subjective pain testimony:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  An individual's statement as to pain is not conclusive evidence of disability; there must also be medical signs and findings—established by medically acceptable clinical or laboratory diagnostic techniques—to support the statement.  42 U.S.C. § 423(d)(5)(A).  An ALJ must articulate explicit and adequate reasons for discrediting a claimant's subjective testimony regarding pain.  *Wilson*, 284 F.3d at 1225.

A credibility determination is a question of fact subject to only limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548-49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom., Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. *See Ortega v. Chater*, 933 F. Supp. 1071, 1076 (S.D. Fla. 1996) (ALJ's failure to articulate adequate reasons for only partially crediting the Plaintiff's complaints of pain warranted reversal). "The question is not . . . whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Whether a medical condition can reasonably be expected to give rise to pain is a question of fact subject to the substantial evidence standard of review. *See Lamb v. Bowen*, 847 F.2d 698, 702 (11th Cir. 1988). Inconsistencies in the record allow the ALJ to choose between conflicting evidence and make his or her own credibility assessment. *See Wind v. Barnhart*, 133 F. App'x 684, 691 (11th Cir. 2005). Although the Eleventh Circuit does not require explicit findings as to credibility,

11

"the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). An ALJ's credibility determination does not have to include "particular phrases or formulations," but a "broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole" is inadequate. *Id*. (internal quotations omitted). Subjective symptom evaluation is not an examination of an individual's character; rather, the ALJ must consider all of the evidence in an individual's record to evaluate the intensity and persistence of symptoms. SSR16-3p.

Plaintiff testified she experiences migraines, stress headaches, anxiety headaches, and blood pressure headaches. (R. 82). Plaintiff described her stress headaches as producing a sharp pain, causing her eyes to lose focus and her ears to ring. (*Id*.). As to her anxiety headaches, Plaintiff described them as "more like a panic headache. Not as sharp." (*Id*.). Plaintiff described the "blood pressure migraines" as being the worst; she testified that they would sometimes render her bedridden for days and would cause additional stress. (*Id*.). Plaintiff testified her migraines could last for anywhere between four hours to three or four days. (R. 89). The ALJ found Plaintiff's impairments could reasonably be expected to cause some symptoms at a point well after her DLI. (R. 36-37). However, the ALJ concluded Plaintiff's testimony regarding the intensity, persistence, and limiting effects of these symptoms prior to the DLI was not entirely consistent with the medical record. (*Id.*)

12

In reaching this conclusion, the ALJ relied on Plaintiff's testimony as well as other evidence—or lack thereof—in the record.  No medical evidence of Plaintiff's impairments before her DLI was presented during the hearing.  (R. 37).  Plaintiff presented evidence of an emergency room visit on January 31, 2016 for a headache on the left side of her head that had lasted for four days.  (R. 544).  This first emergency room visit was a month after Plaintiff's DLI and nearly three months after her alleged onset date of October 1, 2015.  Plaintiff also presented evidence of a hospitalization in June 2016 due to her migraines.  (R. 262).  Again, this evidence concerns the time period after Plaintiff's DLI.  Accordingly, Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms prior to her DLI are belied by the lack of contemporaneous objective medical evidence or treatment.  (R. 37).  Two different medical experts for the Commissioner, Dr. Ransom and Dr. Estock, examined all of the medical evidence provided by Plaintiff. Both found the evidence to be insufficient prior to Plaintiff's DLI. (R. 37, 102-03.) All medical evidence reflected treatment after the DLI; no medical records before the DLI were provided. (*Id*.).  The measures a plaintiff takes, her course of treatment, and the lack of treatment are all relevant factors in evaluating subjective complaints and determining an onset date. 20 C.F.R. § 404.1529(c)(3)(v), (vi); SSR 18-01p, 2018 WL 4945639, at *6.

Substantial evidence supports the ALJ's credibility determination here. Despite claiming debilitating migraines, depression, and anxiety, Plaintiff provided no medical records of any of these impairments before her DLI. The ALJ's opinion specifically addressed Plaintiff's allegations of pain and provided explicit and reasonable reasons for rejecting her testimony. The objective medical evidence supports the ALJ's conclusion that Plaintiff's medically determinable impairments produced some of the alleged symptoms, but only after the DLI. For the foregoing reasons, the ALJ properly applied the pain standard.

## IV.   CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 3rd day of November, 2020.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE